IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LANCE JAVON SHEFFIELD,
Inmate No. H18077,
    Plaintiff,
vs.                                      Case No.: 3:16cv204/MCR/EMT

KENNETH TUCKER,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed on May 6, 2016, pursuant to 42 U.S.C. § 1983 (ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 7). Plaintiff is a prisoner of the Florida Department of Corrections currently incarcerated at Suwannee Correctional Institution ("SCI").

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 4–6). In Question A of Section IV, which requests information regarding any previous cases Plaintiff might have filed in **state court** that deal with the same or similar facts as those in the instant action, Plaintiff answered "no" to the question (*id*. at 4). Likewise, Question B of Section IV asks the following question: "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" Plaintiff answered the question by writing the word "unsure" in the empty space between the "yes" or "no" answers (*id*.).

Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id*. at 5). Plaintiff answered "no" to this question, and also wrote the word "unsure" in the same empty space between the "yes" or "no" answers (*id.*).

Question D of Section IV asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?"

(*id*. at 4–5).  Plaintiff answered the question by writing the word "unsure" in the same empty space.

In effect, Plaintiff has stated that he has not filed previous state or federal cases, as identified in Question C, that dealt with the fact or manner of his imprisonment, or that he was "unsure."  In response to Questions B and D, Plaintiff has in effect stated that he was "unsure" whether there were previously filed federal cases that dealt with the same or similar facts or issues as those that are involved in the instant action, or cases that were dismissed as frivolous or malicious, for failing to state a proper claim, or prior to service.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (ECF No. 1 at 16).

As routinely recognized by this court, the information from Section IV of the complaint form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows

> consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

Upon review of the docket, the clerk of court has advised, and this court takes judicial notice, that as of the date Plaintiff filed his complaint, he had previously filed Sheffield v. Secretary, Florida Department of Corrections, No. 4:15cv553/MW/CAS, on November 9, 2015. That case involved allegations of physical or sexual abuse from correctional staff and/or other inmates at SCI, and it was dismissed on January 28, 2016, for Plaintiff's failure to comply with an order of the court or prosecute the case (ECF Nos. 1, 8 in that case). Next, on November 16, 2015, Plaintiff filed Sheffield v. Florida Department of Corrections, No. 4:15cv568/MW/CAS, which also concerned allegations that Plaintiff had been sexually assaulted by guards at SCI. That case was dismissed by the court on February 2, 2016, for Plaintiff's failure to comply with an order of the court or prosecute the case (ECF Nos. 1, 5 in that case).

On November 20, 2015, Plaintiff filed <u>Sheffield v. Secretary, Florida Department of Corrections</u>, No. 4:15cv573/MW/CAS. That case involved allegations that Plaintiff was not provided a fair disciplinary hearing and that prison staff at SCI retaliated against him for filing prison grievances; it was dismissed on February 1, 2016, for Plaintiff's failure to comply with an order of the court or prosecute the case (ECF Nos. 1, 8 in that case). Next, Plaintiff filed <u>Sheffield v. Warden Reed</u>, No. 4:15cv584/MW/GRJ, on November 23, 2015, which concerned allegations regarding Plaintiff's insufficient access to the prison grievance process at SCI. That case was transferred to the Jacksonville Division of the Middle District of Florida, where it assumed Case No. 3:15cv01442, and was dismissed on March 9, 2016, on Plaintiff's notice of voluntary dismissal (Case No. 3:15cv1442, ECF 11).

Perhaps most significantly, on January 31, 2014, Plaintiff filed <u>Sheffield v. Tucker</u>, No. 3:14cv46/RV/EMT. This case concerned allegations that, while at Santa Rosa Correctional Institution, excessive force was used on Plaintiff, including the use of chemical agents; inadequate medical attention was given to him following the incident; and he was not provided adequate due process during the disciplinary proceedings that followed the incident (ECF No. 1 in that case). On August 4, 2014, the case was dismissed for failure to comply with an order of the court (ECF No. 16

in that case). The significance of the previous <u>Sheffield v. Tucker</u> case is that it contains much the same events and allegations, and sues the same Defendant, Kenneth Tucker, as the instant case.

All of Plaintiff's previous cases concern issues relevant to Plaintiff's confinement, and therefore would have been responsive to Questions C and D. Most of these cases were dismissed in January or February of 2016, just a few months before Plaintiff filed the instant action in May of 2016. Moreover, the previous <u>Sheffield v. Tucker</u> case would have been responsive to Question B due to it being virtually the same case. Yet, Plaintiff identified none of these cases on the complaint form. Indeed, while the form specifically asks for basic information about these prior lawsuits, such as the parties, case numbers, judges, and case descriptions, Plaintiff made no effort to provide any information, evidently preferring to be evasive.

His additional remarks, indicating that he was "unsure" about the existence of previous cases, is of little help, in light of all of the cases identified above, most of which were recently brought and resolved. Plaintiff cannot justify his failure to

disclose these cases, and any indication from him that he failed to remember these cases simply defies credulity.[1]

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, Plaintiff falsely responded to questions on the complaint form, as detailed above. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers.[2] If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the

---

[1] It is perhaps telling that, despite Plaintiff's failure to provide any information regarding his previous lawsuits, in the body of the instant complaint he was able to identify specific prison grievances that he filed by their reference numbers (ECF No. 1 at 10).

[2] Indeed, section IV of the complaint form includes the following notice: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 1 at 4) (emphasis and capitalization in original).

court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[3]  *See, e.g.*, Hanson v. McCaul, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); Thomas v. Ammons, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or

---

[3] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, Spires, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e).

2. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 12th day of December 2016.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No: 3:16cv204/MCR/EMT